1  DANIEL J. BRODERICK, Bar #89424
   Acting Federal Defender
2  DENNIS S. WAKS, Bar #142581
   Supervising Assistant Federal Defender
3  801 I Street, 3rd Floor
   Sacramento, California  95814
4  Telephone (916) 498-5700

5  Attorney for Defendant
   MICHAEL PETERSDORF

   IN THE UNITED STATES DISTRICT COURT

   FOR THE EASTERN DISTRICT OF CALIFORNIA

   UNITED STATES OF AMERICA,    )
                                )   NO. Cr. S-03-0028-FCD
              Plaintiff,        )
                                )
         v.                     )   **MOTION TO TERMINATE SUPERVISED**
                                )   **RELEASE**
   MICHAEL PETERSDORF,          )
                                )
              Defendant.        )
                                )
   _____)

   The defendant, through his attorney, DENNIS S. WAKS, Supervising Assistant Federal Defender, respectfully moves this court for an order pursuant to 18 U.S.C. § 3583(e) terminating the term of his supervised release.  As grounds in support of this motion, the defendant states the following.

   Mr. Petersdorf pled guilty to 18 U.S.C. § 1347 (health care fraud), §982(a)(1) and §982 (a)(7) (criminal forfeiture), sentenced to twenty four (24) months imprisonment and received a three (3) year term of supervised release.

   Mr. Petersdorf started his halfway house sentence on  August 19, 2004 and successfully completed his term on October 19, 2004.  He also

was a resident of the New House III from October 20, 2004 to April 20, 2005 where he complied with all house rules and attended all suggested in house and outside 12-Step meetings.  (See Exhibit "A")

Mr. Petersdorf has been working for Frontier Publishing Inc., for the past 18 months.  In a letter dated October 25, 2005 (Exhibit "B") Mr. Peterdorf's boss, Ms. Levon, writes "He has shown great leadership... [h]e is a building block to success".

Mr. Petersdorf has also continued with his regular counseling at the Calle Real Outpatient Mental Health Clinic.  He has kept all his appointments and has been taking his medication as prescribed by Dr. Koegler.  In a letter written by Dr. Dough Henry, Ph.D., he states "He seems committed to maintaining his sobriety as well and to my knowledge has done so." (See Exhibit "C").

Section 3583(e)(1) of Title 18, United States Code, provides that the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice . . . ."

The national policy for the supervision of federal offenders is set forth in Monograph 109 "The Supervision of Federal Offenders" which was revised in March 2003.

The criteria for early termination are as follows:

1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

**2**

    4.   No history of violence (e.g. sexually assaultive, predatory behavior, or domestic violence);

    5.   No recent arrests or convictions (including unresolved pending charges);

    6.   No recent evidence of alcohol or drug abuse;

    7.   No recent psychiatric episodes;

    8.   No identifiable risk to the safety of any identifiable victim; and

    9.   No identifiable risk to public safety based on the Risk Prediction Index (RPI).

These factors support termination. Mr. Petersdorf has made a smooth transition into the community. He obtained employment quickly and is presently employed with the Frontier Publishing Inc., business. He is a hard worker, is always on time and has learned his job quickly.

Mr. Petersdorf has had no criminal conduct while on supervised release nor does he have a history of violence. He does not use drugs or alcohol. He did not have an aggravated role in his offense of conviction. He was drug tested while in custody, was drug tested during his two month halfway house confinement, and has been tested approximately 60 times while on supervised release without one negative test. He does not pose a risk to the safety of any victim or to the public. He has had no psychiatric episodes, recent or otherwise. He has close family and spends time taking care of his mother. Mr. Petersdorf's Probation Officer, Christopher Quichi in the United States Probation Officer, Central District of California and Supervising Assistant United States Attorney, Daniel Linhardt, consent to this motion to terminate supervised release. Supervision is no longer necessary and the resources of the probation office need not be spent on this case.

He has been on Supervised Release for 1 ½ years. He has submitted

a drug tests and has tested clean every time.  His Probation Officer has switched Mr. Petersdorf to random urine testing and has never failed.  He is in full compliance with all conditions of Supervised Release.

**CONCLUSION**

For the above states reasons, the defendant respectfully requests that this court terminate his term of supervised release.

DATED: March 28, 2006

                                    Respectfully submitted,

                                    DANIEL J. BRODERICK
                                    Acting Federal Defender

                                  /s/ Dennis S. Waks
                                  DENNIS S. WAKS
                                  Supervising Assistant Federal Defender
                                  Attorney for Defendant
                                  MICHAEL PETERSDORF

**IT IS SO ORDERED.**

DATED:   April 11, 2006

                                  /s/ Frank C. Damrell Jr.
                                  FRANK C. DAMRELL JR.
                                  UNITED STATES DISTRICT JUDGE